Ramos-De Lopez v. Whitaker

BIA
Christensen, IJ
A206 896 837/838

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of January, two thousand nineteen.

PRESENT:
      ROBERT A. KATZMANN,
          *Chief Judge,*
      JON O. NEWMAN,
      GUIDO CALABRESI,
          *Circuit Judges.*

_____

ROSA IRMA RAMOS-DE LOPEZ, CARLOS
STANLEY LOPEZ-RAMOS,
      *Petitioners,*

      v.                            17-1771
                                   NAC

MATTHEW G. WHITAKER, ACTING
UNITED STATES ATTORNEY GENERAL,
      *Respondent.*

_____

FOR PETITIONERS:      H. Raymond Fasano, New York, NY.

FOR RESPONDENT:      Chad A. Readler, Acting Assistant Attorney General; Russell J.E. Verby, Senior Litigation Counsel; John D. Williams, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Rosa Irma Ramos-De Lopez and her son, Carlos Stanley Lopez-Ramos, natives and citizens of El Salvador, seek review of a May 8, 2017, decision of the BIA affirming a December 7, 2016, decision of an Immigration Judge ("IJ") denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Rosa Irma Ramos-De Lopez and Carlos Stanley Lopez-Ramos,* Nos. A 206 896 837/838 (B.I.A. May 8, 2017), *aff'g* No. A 206 896 837/838 (Immig. Ct. N.Y. City Dec. 7, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA, and address only the adverse credibility determination. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008). "Considering the totality of the

circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's . . . written and oral statements . . . , the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . ." 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin*, 534 F.3d at 163-64. The multiple inconsistencies in Ramos-De Lopez's statements provide substantial evidence for the adverse credibility determination.

The agency reasonably relied on the record of Ramos-De Lopez's credible fear interview. Although "adverse credibility determinations based on 'discrepancies' with a credible fear interview should be examined with care," the interview record here bears sufficient indicia of reliability. *See Ming Zhang v. Holder*, 585 F.3d 715, 725 (2d Cir. 2009). The interview was conducted with an interpreter, Ramos-De Lopez expressly declined to have her attorney present, the interview was memorialized in a question and answer format, the questions posed were designed to elicit details of Ramos-De Lopez's asylum claim, and her responses indicated that she understood the questions. *Id.* (listing "hallmarks of reliability").

3

Given the reliability of the interview record, substantial evidence supports the agency's determination that Ramos-De Lopez was not credible as to her claim that members of El Salvador's Mara gang targeted her and her son on January 4, 2014, because she proselytized Catholicism in gang territory. Ramos-De Lopez's statements at the interview were inconsistent with her testimony regarding the gang's motive for targeting her and her son and she added additional instances of persecution to her application and testimony. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). At her credible fear interview, she said that the gang members targeted her on January 4 because she would not allow them to take her son away to work for them carrying drugs. At that interview, she was asked whether there was any other reason she feared going back to El Salvador, and answered no. Ramos-De Lopez did not compellingly explain these discrepancies. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for . . . inconsistent statements to secure relief; [s]he must demonstrate that a reasonable fact-finder would be *compelled* to credit h[er] testimony." (internal quotations

4

omitted)). Although she now argues that the IJ failed to consider a psychological report diagnosing her with post-traumatic stress disorder, she failed to exhaust this issue because she did not raise it before the BIA. *See Lin Zhong v. Dep't of Justice*, 480 F.3d 104, 117-25 (2d Cir. 2007) (describing issue exhaustion as mandatory).

The agency also reasonably relied on Ramos-De Lopez's inconsistent testimony concerning when the gang members gave her brother an extortion letter. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). In her written statement and testimony, Ramos-De Lopez asserted that she stopped staying at her brother's home when she saw people watching the house, and she specified that after her departure, the gang members delivered an extortion letter to her brother. In contrast, her brother wrote that his receipt of the note was the event that prompted Ramos-De Lopez to return to her own home.

Given the inconsistencies between Ramos-De Lopez's statements and between her statements and documentary evidence about the incidents central to her and her son's claim, the agency's adverse credibility determination is supported by substantial evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). That determination was dispositive of

5

asylum, withholding of removal, and CAT relief because all three claims were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk